IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CASE NO. 5:11-CV-00076-RLV-DSC

THE WOODSMITHS COMPANY,

    Plaintiff,

v.

SUNTRUST BANK,

    Defendant.

**ORDER**

**THIS MATTER** is before the Court on Plaintiff's "Motion to Compel" (document #10); "Defendant's Motion for Entry of a Confidentiality and Protective Order" (document #16); and the parties' associated briefs and exhibits. See documents ## 10, 12, 16, 17, 20, 23, and 26.

This matter arose from the embezzlement of funds from Plaintiff by one of its employees and two accomplices. During the course of the embezzlement, an accomplice used an account with Defendant SunTrust Bank to deposit funds stolen by the employee. Plaintiff's employee and her accomplices were convicted in this Court on charges related to the embezzlement. Neither Defendant nor any of its employees were charged with a crime. In the criminal investigation, law enforcement agents obtained various information and documents from Defendant by subpoena.

The Complaint alleges, inter alia, that Defendant failed to exercise ordinary care with customer accounts in violation of its internal procedures. Although Plaintiff is attempting to recover the money embezzled by its employee, it also seeks to use the civil discovery process to obtain information from Defendant and share it with law enforcement agencies to assist them in bringing criminal charges.

In response to Plaintiff's Motion to Compel discovery responses, Defendant seeks the entry

of a Protective Order to protect its confidential information from unnecessary dissemination. It appears that most, if not all, of the parties' discovery dispute arises from their inability to agree upon the terms of a protective order.

The terms of Defendant's proposed Protective Order are acceptable to Plaintiff with one exception. The proposed Protective Order would allow Plaintiff to disclose confidential information to law enforcement only with leave of Court. Plaintiff contends that the Protective Order should allow disclosure to law enforcement agencies at the discretion of either party.

Rule 26(c)(1) of the Federal Rules of Civil Procedure authorizes this Court to enter protective orders and specifically provides that "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . . (G) requiring that . . . confidential research, development or commercial information not be revealed or be revealed only in a specified way." A request for protective order requires a balancing of pertinent circumstances, including "dangers of abuse, good faith of the parties' positions, adequacy of the protective measures, and the availability of other means of proof." 8 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2173, at 302 (1994). To obtain a protective order, Defendant must demonstrate good cause and set forth facts that would demonstrate the harm to be be suffered without one. See Brittain v. Stroh Brewery Co., 136 F.R.D. 408, 412 (M.D.N.C. 1991) (granting motion where defendant showed the need for the protective order and the harm resulting without one).

Under Rule 26(c), the Court has the discretion to enter an order which facilitates the protection of confidential information, and specifies the terms and manner under which such information may be produced, disclosed and utilized in the discovery process.

2

The Court in its discretion will grant Defendant's Motion for Entry of Protective Order.  A provision permitting the parties to disclose otherwise confidential information to law enforcement agencies is beyond the scope of the civil discovery process and unwarranted.   Law enforcement agencies have adequate means to obtain information directly from the Defendant.  Defendant has cooperated with the criminal investigation, and no criminal charges have been forthcoming.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's "Motion to Compel" (document #10) is **DENIED WITHOUT PREJUDICE** to its right to renew its Motion if the parties are unable to resolve any remaining discovery issues following entry of the Protective Order.  The Court reminds the parties and their counsel of their duty under the Federal Rules of Civil Procedure, the Local Rules and the Pretrial Order and Case Management Plan to meet and confer in a good faith effort to resolve any remaining discovery disputes.

2. "Defendant's Motion for Entry of a Confidentiality and Protective Order" (document #16) is **GRANTED**. The Court will enter the Protective Order proposed by Defendant contemporaneously with entry of this Order.

3. The parties shall bear their own costs at this time.

4. The following deadlines are extended to the dates stated:

    a. Discovery deadline: June 30, 2012;

    b. Deadline for filing dispositive motions and for conducting mediated settlement conference: July 31, 2012; and

    c. The trial in this matter is continued to the next term beginning on or after October 1, 2012.

5. The Clerk is directed to send copies of this Order to the parties' counsel; and to the

3

Case 5:11-cv-00076-RLV -DSC   Document 27   Filed 02/29/12   Page 3 of 4

<u>Honorable Richard L. Voorhees.</u>

**SO ORDERED**.  Signed: February 28, 2012

David S. Cayer
United States Magistrate Judge

4