IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: 5:11-CV-00076

FILED
CHARLOTTE, NC
FEB 28 2012
U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

THE WOODSMITHS COMPANY,

Plaintiff,

v.

SUNTRUST BANK,

Defendant.

**CONFIDENTIALITY AND PROTECTIVE ORDER**

This matter is before the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for entry of an order, with consent and agreement of the parties, governing the disclosure and protection of confidential and proprietary business and/or personal information that may be sought during discovery in this case. In order to facilitate discovery while preserving and maintaining the confidentiality of certain documents or testimony that may be sought by the parties, and in the interests of justice, it is hereby ORDERED by the Court that:

1. This Order shall govern the use and dissemination of all information, documents or materials that are produced in this action and designated as Confidential.

2. The term "document" or "documents," as used in this Order, shall have the same meaning as contemplated by the Federal Rules of Civil Procedure.

3. The term "Trade Secret," as used in this Order, is defined to include (a) information, documents, or materials not in the public domain that are so proprietary or competitively sensitive that their public disclosure is likely to cause competitive injury or (b) matters that constitute or contain trade secrets pursuant to the applicable law.

## Confidential Information

4. Any party to this action or other person or entity, including any third party, who produces or supplies information, documents or other materials used in this action (hereinafter the "Designating Party" or the "Producing Party") may designate as "Confidential" any such information, document or material that it reasonably and in good faith believes constitutes or contains Trade Secret information, personal information, information protected from disclosure by contractual obligations with third-party vendors, or is otherwise protectable under applicable law. The designation "Confidential" shall be made by affixing on the document or material containing such information, and upon each page so designated if practicable, a legend that in substance states: "**CONFIDENTIAL**" -- or, at the option of the Designating Party, "**CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER.**"

5. Depositions may be designated Confidential by indicating that fact on the record at the deposition. If a Designating Party has advised the Court reporter that Confidential information has been disclosed during a deposition, the Court reporter shall include on the cover page the following indication: **"DEPOSITION CONTAINS CONFIDENTIAL INFORMATION OF [NAME OF DESIGNATING PARTY] — SUBJECT TO A PROTECTIVE ORDER."** Within twenty (20) business days of receipt of the initial deposition transcript, the Designating Party shall advise the Court reporter and opposing counsel of the specific pages and lines in which Confidential information appears. The Court reporter shall supplement the transcript to mark the specific pages and lines designated as Confidential and amend the cover page to reflect that these specific designations have been made. Counsel for the opposing party may have immediate access to the deposition transcript, but prior to the page and

line designations, shall treat the entire transcript as Confidential, if so designated at the deposition.

6. Confidential information used in this litigation may be disclosed only to:

   a. The Court and Court personnel;

   b. Outside counsel of record in this litigation (including staff persons or outside vendors employed by such counsel);

   c. The parties (in the case of corporate parties, dissemination shall be limited to those officers or employees whose review of the Confidential information is necessary to the conduct of this litigation);

   d. Any consultant, investigator, expert, or any other person (collectively, "Expert") who is assisting in the preparation and trial of this litigation;

   e. A deponent, but only during the course of the deponent's deposition;

   f. A Court reporter and a videographer;

   g. Law enforcement, regulating, or governing bodies as permitted by court order as described in paragraph 11.

   h Those entitled to information under any subpoena or other compulsory process commanding production of Confidential Information as provided in Paragraph 16 of this Order.

7. If a party wishes to disclose Confidential information to any person not described in Paragraph 6 of this Order, permission to so disclose must be requested from the Designating Party in writing. The Designating Party shall respond to the request within fifteen (15) business days and a failure to object shall be deemed a waiver by the Designating Party and the party wishing to make the proposed disclosure may do so without violating this Order. If the

Designating Party objects to the proposed disclosure, such disclosure shall not be made unless, upon motion by the party requesting such permission, a Court orders otherwise.

8. Prior to obtaining access to Confidential information, any person to whom Confidential information may be disclosed pursuant to Paragraphs 6 and 7 hereof, except the Court and its personnel and outside counsel of record, shall be shown and shall read a copy of this Order and shall agree in writing to be bound by its terms by signing a copy of the Confidentiality Acknowledgment annexed hereto as Exhibit A ("Confidentiality Acknowledgment A"). Counsel for the party obtaining a person's signature on the Confidentiality Acknowledgment shall retain the original signed acknowledgment, and, if a Court so orders, shall provide a copy of the signed acknowledgment to all counsel of record.

9. No one may attend or review the transcripts of the portions of any depositions at which Confidential information is shown or discussed, other than the Court reporter (who shall first have executed Confidentiality Acknowledgment A), counsel for the Designating Party, the deponent, and counsel for the deponent (provided deponent and deponent's counsel have previously executed the Confidentiality Acknowledgment A), representatives of the parties necessary to the conduct of the litigation, Experts qualified to review Confidential information under Paragraph 6(d), and other persons identified in Paragraph 6.

10. Where any Confidential information is intended to be included in any filing with the Court, parties must apply by motion for an appropriate order under LCvR 5.2.1 for relief from electronic filing not less than three business days before the Confidential information is to be filed with the Court. Any paper filing of Confidential information shall be made only under seal. The filing party shall take all necessary steps to ensure that any such Confidential

4

information or information derived from Confidential information will be maintained under seal by the Court.

## General Provisions

11. Except to the extent expressly authorized in this Order, Confidential information shall not be used or disclosed for any purpose other than the preparation and hearing of this case, and/or any appeal therefrom, subject to the provisions of Paragraph 18. Furthermore, any party may petition the Court for permission to describe or disclose Confidential Information sufficiently for any person identified in Paragraph 6(g) to subpoena such Confidential Information for law enforcement or criminal reporting purposes.

12. Any summary, compilation, notes, copy, electronic image or database containing Confidential information shall be subject to the terms of the Order to the same extent as the material or information from which such summary, compilation, notes, copy, electronic image or database is made or derived.

13. Any party may object to a designation by notifying the Designating Party in writing of that objection. That writing also must specify the bates range corresponding to the beginning and end of each document subject to objection as well as the bates number of the particular page or pages of such documents that actually contain the designated material to which the objection is made. The parties shall, within fifteen (15) days of service of the written objection, confer concerning the objection. If the objection is not resolved, the Designating Party shall, within fifteen (15) days of the conference, file and serve a motion to resolve the dispute over the designation of the material and shall bear the burden of proof on the issue. If no such motion is filed within the stated time period, the material will no longer be treated as Confidential Information. If a motion is filed, information subject to dispute shall, until further

order of the Court, be treated consistently with its designation. With respect to any material which is redesignated or ceases to be subject to the protection of this Order, the Designating Party shall, at its expense, provide to each party which so requests additional copies thereof from which all confidentiality legends affixed hereunder have been adjusted to reflect the redesignation or removed as appropriate.

14. Inadvertent failure to designate any information pursuant to this Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within fifteen (15) days of the discovery of the inadvertent failure. At such time, arrangements shall be made for the destruction or return to the Designating Party of all copies of the inadvertently misdesignated documents and for the substitution, where appropriate, of properly labeled copies. The party who received any information covered by this Paragraph shall not be responsible for any dissemination of such information which occurred before it was claimed to be Confidential Information. Reasonable efforts will be made by the receiving party to either locate and destroy or locate and return information covered by this paragraph.

15. Nothing in this Order shall be deemed to restrict in any manner the use by any Designating Party of any information in its own documents and materials.

16. If counsel for any party receives notices of any subpoena or other compulsory process commanding production of Confidential information that a party has obtained under the terms of this Order, counsel for such party shall, if there are fewer than ten (10) days to comply, within two (2), or if more than ten (10) days, at least seven (7) business days prior to the due date of compliance, notify the Designating Party in writing, and shall not produce the Confidential information until the Designating Party has had reasonable time to take appropriate steps to protect the material. It shall be the responsibility of the Designating Party to obtain relief from

the subpoena or order prior to the due date of compliance, and, to give the Designating Party an opportunity to obtain such relief, the party from whom such information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or order.

17. This Order shall not prevent any of the parties from moving the Court for an order that Confidential information may be disclosed other than in accordance with this Order. This Order is without prejudice to the right of any party to seek modification of it from the Court. It shall remain in effect until such time as it is modified, amended or rescinded by the Court. This Order does not affect any party's rights to object to discovery on any grounds other than an objection based solely on the ground that the information sought is confidential in nature.

18. This Order is not intended to govern the use of Confidential information at any hearing or trial of this action. Questions of the protection of Confidential information during hearing or trial will be presented to the Court and the Designating Party prior to or during the hearing or trial as each party deems appropriate.

19. The Court shall have continuing jurisdiction to modify, enforce, interpret or rescind this Order, notwithstanding the termination of this action.

20. Within sixty (60) days after the conclusion of this action, including the exhaustion of all appeals, counsel for all parties shall return all Confidential information produced in this litigation (other than exhibits at the official tribunal of record) to the Designating Party or shall, at the sole option of the receiving party, destroy such information. However, documents or materials that contain Confidential information of a Designating Party and the work product of the party in possession of the documents or materials need not be returned to the Designating Party or be destroyed within the same time frame. Any Confidential information retained by a non-Designating Party's counsel shall be kept and protected in accordance with the terms of this

7

Protective Order. Counsel for any party or third party receiving Confidential information shall make written certification of compliance with this provision and shall deliver the same to counsel for each Designating Party within one hundred twenty (120) days after the conclusion of this action, including the exhaustion of all appeals.

The foregoing is hereby approved by the Court as a Protective Order pursuant to Federal Rule of Civil Procedure 26(c).

Date: 2-28-12

United States ~~District Court~~ Judge
Magistrate

8

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: 5:11-CV-00076

THE WOODSMITHS COMPANY,

    Plaintiff,

v.

SUNTRUST BANK,

    Defendant.

## CONFIDENTIALITY ACKNOWLEDGMENT

I, _____, being duly sworn on oath, state the following:

1. I have read and understand the Order to which this Exhibit A is annexed and I attest to my understanding that access to information designated Confidential may be provided to me and that such access is pursuant to the terms and conditions and restrictions of the Order. I agree to be bound by the terms of the Order. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Confidentiality Acknowledgment and the Order.

2. I shall not use or disclose to others, except in accordance with the Order, any Confidential information. I also shall return all Confidential information provided to me in this litigation to case counsel for the party I represent within sixty (60) days after the conclusion of this action, including the exhaustion of all appeals. If I fail to abide by the terms of this Confidentiality Acknowledgment or the Order, I understand that I may be subject to sanctions under the contempt power of a Court, which includes the power to impose compensatory damages to remedy contemptuous conduct.

1

Dated: _____

_____
Signature

_____
Printed Name

_____

_____
Address

_____
Individual or Entity Represented

Subscribed and sworn to before me this _____ day of _____,
200_____.

_____
Notary Public

My Commission Expires: _____